In the Matter of CHARLES C. BUNKER, an Attorney, Respondent.

First Department, May 4, 1923.

**Attorney and client — attorney censured for sending exorbitant bill to client and threatening to sue and thereby to expose transactions tending to disgrace client.**

An attorney at law who sent an exorbitant bill to his client, in which he set out the nature of the investigations for which the bill was rendered, which, if exposed, would tend to disgrace the client, and threatened to sue for the amount thereof when it was not paid, is, in view of the death of the client before this proceeding was instituted, censured merely.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Robert S. Johnstone* [*Stanley L. Richter* with him on the brief], for the respondent.

DOWLING, J.:

In view of the fact that the respondent's former client is now dead, and that the matters in question involve serious charges against his moral character, we think that no useful purpose would be served by a recital of the facts.

The respondent has been charged with dereliction in his professional obligations, principally because of the form in which he rendered a bill for services to his client, followed by a threat to sue for the amount thereof when it was not paid.

That the bill was improper in form cannot be denied. Respondent seeks to excuse it by the advice given him by the lawyer in whose office he was employed to include in any bill " either little bits of facts or circumstances that will bring the matter home to the client and refresh his memory as to the nature of the professional services." He testified further: " But in this case I had never rendered a bill in the nature of this case and I simply carried the custom over into this matter without any thought. It was one of absolute — it was a negligent thought, that is all. I mean it was

doing something without thinking — that is better, except by the custom of making out bills." He further said: " I want to say, in making out the bill the operation of the mind was carried forward in making out the bill by custom or habit; that there was no other or intervening thought or idea in making out this bill other than the habit of making out bills in civil actions."

It was unfortunate for respondent that this " habit " led him to include in his bill references to the nature of the investigations made by him which would at once suggest to his client both the shameful exposures which would follow litigation over the attorney's bill and the desirability of paying the same. While such exposure might necessarily attend a trial of the action brought to recover for the services rendered, it was improper to indicate that possibility in a bill, particularly as the most disgraceful charges made therein were based on the assertions of third parties.

Furthermore, the bill itself (dated April 4, 1921) upon the record herein was unreasonable and excessive for any professional services shown to have been rendered, being for $15,000 for a month and a half of alleged service, without litigation of any kind either commenced or threatened. Respondent had been paid $1,000 by his client on March first, for which he gave credit.

Upon a careful review of the whole situation, however, and particularly because of the death of the client before this proceeding was instituted, we are of the opinion that no further action should be taken against respondent, and that with this censure the proceeding should be dismissed.

PAGE, MERRELL, FINCH and McAVOY, JJ., concur.

Respondent censured. Settle order on notice.